

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable M. O. Flowers
Secretary of State
Austin, Texas

Dear Sir:

Attention of Mr. Will Mann Richardson

Opinion No. O-2545
Re: What procedure should be followed
where an amendment recites on its
face that it is properly authorized
and later evidence is submitted
showing that it was not properly
authorized?

Your recent request for an opinion of this Department
on the above stated question has been received.

We quote from your letter as follows:

"The above named corporation filed an amendment to
its Articles of Incorporation with this Department and
the amendment was in the proper form and approved and
filed on January 30, 1940.

"It now appears that the parties who sent in the
application wish to make an affidavit to the effect
that the amendment was not properly authorized and thus
that the amendment is not effective. We have been asked
to 'withdraw' the amendment. We know of no procedure
whereby this can be accomplished and we would like an
opinion from your Department as to what procedure should
be followed where an amendment recites on its face that
it is properly authorized, and later evidence is submitted
showing that it was not properly authorized."

The above mentioned amendment was filed by Navarro
County Electric Cooperative, Inc., in proper form and approved
as filed on the date stated in your letter.

O COMMUNICATION IS TO BE CONSTRUED AS A DEPARTM...

Honorable M. O. Flowers, Page 2

We quote from the letter of the Honorable Beauford H. Jester, Attorney for Navarro County Electric Cooperative, Inc., addressed to Honorable M. O. Flowers, Secretary of State, Austin, Texas, July 10, 1940, as follows:

"It developed after the filing of this amendment that a majority vote of the members, either present in person or by proxy, of this Co-operative was not obtained at the annual meeting. This resulted in the Rural Electrification Administration declaring the election of nine directors invalid.

"I am in receipt of instructions from the Rural Electrification Administration to prepare new by-laws which the directors will enact, and also to withdraw the above mentioned amendment to the articles of incorporation.

"I would be pleased to obtain your opinion and directions as to the proper and effective way to withdraw this above mentioned amendment to the articles of incorporation of this Co-operative, which is on file in your office.

"It is apparent that fifty-one per cent of the membership not being present in person or by proxy to amend the original articles of incorporation makes the above mentioned amendment of no legal force and effect. It occurs to me that in the affidavit by the President and Secretary, who signed the amendment, to the effect that it was afterwards ascertained that a legal quorum was not present and that their affidavit to the amendment was erroneous, and that the amendment is in truth and in fact of no legal effect because of these facts, would be sufficient for your office to cancel and withdraw the amendment from your records. . . ."

Under the above mentioned amendment Article 4, Section 1, of Article 7, Sections 1 and 2 of Article 8 of the original articles of incorporation of the Navarro County Electric Cooperative, Inc., were amended, and Article 9 was added to the original articles of the Navarro County Electric Cooperative, Inc.

Honorable M. O. Flowers, Page 3

The Navarro County Electric Cooperative, Inc., was incorporated under Article 1528b, Vernon's Annotated Civil Statutes, which is commonly known and cited as the "Electric Cooperative Corporation Act", Acts of the 45th Legislature, 1937.

Sections 26 and 36 of Article 1528, supra, read as follows:

"Section 26. A corporation may amend its articles of incorporation by a majority vote of the members, present in person or by proxy at any regular meeting, or at any special meeting, of its members called for that purpose. The power to amend shall include the power to accomplish any desired change in the provisions of its articles of incorporation and to include any purpose, power, or provision which would be authorized to be included in original articles of incorporation if executed at the time the amendment is made. Articles of amendment signed by the president or vice-president, and attested by the secretary certifying to such amendment and its lawful adoption shall be executed, acknowledged, filed, and recorded in the same manner as the original articles of incorporation of a corporation organized under this Act; and as soon as the Secretary of State shall have accepted the articles of amendment for filing and recording, and issued a certificate of amendment, the amendment or amendments shall be in effect and the certificate of the Secretary of State shall be evidence of such filing."

"Section 36. This Act is complete in itself and shall be controlling. The provisions of any other law of this State, except as provided in this Act, shall not apply to a corporation organized, or in process of organization, under this Act."

After a careful search of the statutes and other authorities we are unable to find any authority that would authorize the Secretary of State to cancel or withdraw the above mentioned amendment, therefore, you are respectfully advised that the Secretary of State does not have the legal right, power or authority to cancel or withdraw the above mentioned amendment.

Honorable M. O. Flowers, Page 4

The manner or method of procedure by which the above mentioned amendment may be nullified is to be determined by the Navarro County Electric Cooperative, Inc., and is a matter which this Department has no legal authority to pass upon.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:AEM

APPROVED JUL 25, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN